## IN THE UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| CANDACE MILAM DREW,<br>Individually and as Administrator of the<br>Estate of JAMES VINCENT GULLETT,<br>Deceased, | : <br> : <br> : <br> : <br> : | |
| Plaintiff, | : <br> : | |
| vs. | : <br> : | No.     3:21cv194-MPM-RP<br>JURY TRIAL DEMANDED |
| TIPPAH COUNTY; TIPPAH COUNTY<br>SHERIFF'S DEPARTMENT; KARL<br>GAILLARD: and<br>JOHN DOES 1-10. | : <br> : <br> : <br> : <br> : | |
| Defendants | : | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

NOW, comes Plaintiff, CANDACE MILAM DREW, individually and as Administrator of the Estate of James Vincent Gullett, by and through her attorneys, Wolff Ardis, P.C., and files the following Complaint and states as follows:

### I.     INTRODUCTION AND FACTS

1. This Complaint seeks damages based upon the untimely death of James Vincent Gullett (hereinafter "Vincent"). Vincent died on May 17, 2020 while being held as a pre-trial detainee in the Tippah County Jail in Ripley, Mississippi.

2. Since Vincent's death, Plaintiff has made multiple attempts to request records or information via 5 U.S.C. § 552 Freedom of Information Act ("FOIA") demands to the Tippah County Sherriff's Department as well as the Tippah County Jail. The Defendants have refused or otherwise failed to respond to any of the Plaintiff's lawful requests for information pertaining to

her son's untimely death in their custody. This being the case, Plaintiff gives the following rendition of the facts to the best of her information and belief.

3. On the night of May 16, 2021, Vincent was arrested in Walnut, Mississippi in Tippah County. It is believed that an individual named Sonny Reed was with Vincent at the time and was also arrested.

4. Vincent and Sonny Reed were taken into custody by unknown deputies for the Tippah County Sheriff's Department and were transported to the Tippah County Jail.

5. Between the time that Vincent and Sonny Reed were detained by Tippah County Sheriff's deputies, and when they were transported to the Tippah County jail, Vincent ingested what would be a lethal amount of a poisonous, controlled substance.

6. The Tippah County Sheriff's deputies that arrested Vincent had specific knowledge that he ingested the controlled substance, and failed or refused to transport Vincent to a medical facility so that he could receive proper treatment.

7. As Vincent was transferred to the custody of the Tippah County jail, the Sheriff's deputies failed or refused to relay the information that Vincent had ingested a controlled substance to the personnel of the jail.

8. Sometime after Vincent was transferred to the custody of the Tippah County jail, jail personnel became specifically aware that he had ingested a dangerous amount of a controlled substance.

9. Despite this knowledge, Vincent was placed into a cell by himself instead of being transported to a medical facility for proper treatment.

10. The Tippah County jail personnel failed or refused to monitor or periodically check on Vincent once placed by himself in a cell.

11.     In the early morning hours of May 17, 2020, Vincent was found unresponsive in his jail cell.  At this time, the Tippah County jail staff failed or refused to give Vincent the proper medical treatment to save his life.  Due to his untreated state, Vincent died shortly thereafter.

12.     Vincent died due to the Tippah County Sheriff's and the Tippah County jail personnel's inability or refusal to provide him with adequate, essential medical care; medical care that, timely provided, would have easily prevented his death.  This is not mere negligence on behalf of the Defendants, but a systemic failure and willful violation of Vincent's civil rights by the governmental entities named in this suit.

## II.     JURISIDICTION

13.     This Complaint seeks damages pursuant to Title 42 U.S.C. §§ 1983 and 1988 for the violation of the civil and constitutional rights of James Vincent Gullett, and for the violation of the civil and constitutional rights of the Plaintiff, Candace Milam Drew, and for violations of the law of the State of Mississippi arising from the wrongful death of Vincent.  Jurisdiction is founded upon Title 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over the state law claims presented herein pursuant to 28 U.S.C. § 1367.

## III.     VENUE

14.     A substantial part of the events and omissions giving rise to this civil action occurred in Ripley, Tippah County, Mississippi.  Therefore, pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 104(a)(2), the proper venue for this action is the Oxford Division of the United States District Court of the Northern District of Mississippi.

## IV.     JURY TRIAL DEMANDED

15.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial of this action as is her right pursuant to Amendment VII of the Constitution of the United States of America.

### V.     PARTIES

16.     The estate of James Vincent Gullett (deceased) is being represented by his natural parent, Candace Milam Drew, who brings this action on behalf of the estate and herself individually.

17.     Tippah County is a public entity which is a political subdivision created and existing by virtue of the laws of the state of Mississippi, and which may be served with process of this Court by serving same upon, Mike Long, Tippah County Chancery Court Clerk, 101 East Spring Street, Ripley, Mississippi 38663.  Defendant Tippah County operates and manages the Tippah County Sheriff's Department and the Tippah County jail.

18.     Karl Gaillard is the elected Tippah County Sheriff, representing the Tippah County Sheriff's Department, and can be served with process at 205 West Spring Street, Ripley, Mississippi 38663.  He is being sued in his individual and official capacity as the Sheriff of Tippah County.  He is an agent of the Tippah County Sheriff's Department and is responsible for the training supervision and discipline of the Tippah County Sheriff's deputies.  The Plaintiff asserts that the failure to properly train, supervise and/or discipline the deputies named herein or to be named herein was the cause in fact of the injuries alleged.

19.     The true names and identities of certain Defendants are presently unknown to the Plaintiff.  John Doe 1 is the unidentified Tippah County Jailor.  Despite the Plaintiff's best efforts, she has not been able to discover the identity of John Doe 1 because of Tippah County's refusal to respond to her public records requests.  At all times material to this Complaint, John Doe 1 was

acting within the scope of his employment. He may be served with process at the Tippah County jail, 205 West Spring Street, Ripley, Mississippi 38663. He is employed by the Tippah County Sheriff's Department and is responsible for the training supervision and discipline of the Tippah County jail personnel. The Plaintiff asserts that the failure to properly train, supervise and/or discipline the jail personnel named herein or to be named herein was the cause in fact of the injuries alleged. The Plaintiff will seek to amend this Complaint as soon as the true name and identity of Defendant John Doe 1 is ascertained.

20.     The true names and identities of certain Defendants are presently unknown to the Plaintiff. John Does 2-10 are the unidentified Tippah County Sheriff's Deputies and jail personnel. Despite the Plaintiff's best efforts, she has not been able to discover the identity of John Does 2-10 because of Tippah County's refusal to respond to her public records requests. John Does 2-10 were responsible for or promulgated the conduct alleged herein. The Plaintiff will seek to amend this Complaint as soon as the true names and identities of Defendants John Doe 2-10 are ascertained.

## VI.     EXHUASTION OF PRE-LAWSUIT PROCEDURES

21.     Some of the claims brought herein are brought pursuant to the law of the State of Mississippi, and an action at law brought pursuant to the provisions of the Mississippi Tort Claims Act (codified at Miss. Code Ann. §11-46-1, et seq.) may not be brought unless a notice of claim has been filed pursuant to the requirements of Miss. Code Ann. §1-46-11. The Plaintiff herein, acting by and through the undersigned attorneys, has filed the necessary notice required by Miss. Code Ann. §11-46-11; therefore, this action may now be properly brought against the Defendants.

## VII.     CLAIMS FOR RELIEF

**COUNT I: Substantive Due Process- Loss of Family Relationships (42 U.S.C. § 1983)**

22.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if set forth verbatim herein.

23.     The acts and omissions of the Defendants alleged in this Complaint, including but not limited to the failure to provide necessary medical care, caused the untimely and wrongful death of Vincent and deprived the Plaintiff of her interest in her family relationship with her son in violation of her substantive due process rights as defined by the Fourteenth Amendment to the Constitution of the United States.

24.     The acts and/or omissions detailed above were the direct and proximate cause of injury to the Plaintiff as alleged herein.

25.     As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff has been compelled to retain counsel to represent her in this matter and the Plaintiff is entitled to an award of attorneys' fees in this matter pursuant to 42 U.S.C. § 1988.

26.     The acts and omissions of the Defendants were malicious, reckless, wanton and/or accomplished with a conscious disregard of the Plaintiff's rights thereby entitling the Plaintiff to an award of exemplary and punitive damages according to proof.

**COUNT II:  Deliberate Indifference to Medical Necessity (42 U.S.C. § 1983)**

27.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if set forth verbatim herein.

28.     Upon arrest by the Tippah County Sheriff's Department, Vincent was a pretrial detainee.

29.     The Fifth and Fourteenth Amendments to the United States Constitution require that a pretrial detainee not be punished prior to an adjudication of guilt in accordance with the due process of law.

30.    Defendants acted in concert with deliberate indifference to Vincent's serious medical needs, thus violating his Constitutional rights.

31.    Upon arrest or shortly thereafter, the Defendants knew or should have known that Vincent required immediate medical care due to his ingestion of a controlled substance.

32.    Upon Vincent's arrest or shortly thereafter, his companion Sonny Reed informed the Defendants that Vincent had ingested a controlled substance and likely needed medical attention.

33.    While Vincent was held in the Tippah County jail, the Defendant had direct knowledge that Vincent had ingested controlled substance and was in need of emergency medical treatment.

34.    The Defendants acted with deliberate indifference to Vincent's medical condition in each of the following ways:

a.    By not performing a routine, non-emergent transport of Vincent to the hospital upon his arrest;

b.    By failing or refusing to notify jail personnel that Vincent had ingested a dangerous substance and that he required medical treatment or, at the very least, heightened observation;

c.    Placing Vincent in a jail cell by himself and failing to monitor Vincent for a long period of time; and

d.    By failing to transport Vincent from the Tippah County jail to the hospital when the Defendants became aware or should have been aware of his deteriorating physical condition.

35.    Defendants' deliberate indifference to Vincent's known and apparent medical needs caused his condition to deteriorate rapidly, ultimately leading to his death

36.     Defendants' deliberate indifference to Vincent's known and apparent medical needs was a violation of Vincent's civil rights as secured by the Fifth and Fourteenth Amendments of the United States Constitution. Defendants are liable in damages pursuant to 42 U.S.C. §1983.

**Count III:     Unconstitutional Practices/De Facto Policy (42 U.S.C. §1983)**

37.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if set forth verbatim herein.

38.     The acts and omissions of the Defendants were the direct and proximate result of the customs, practices, and/or de facto policies of Defendants Karl Gaillard, Tippah County Sheriff's Department, John Doe 1 and Tippah County.

39.     Such customs, practices, or de facto policies include but are not limited to an ongoing pattern of being deliberatively indifferent to the direct and apparent medical needs of pre-trial detainees in their custody.

40.     The customs, practices, and/or de facto policies of these Defendants were a direct and proximate cause of the Plaintiff's injuries and the death of Vincent, in that said customs, practices, and/or de facto policies were being followed by the deputies and jail personnel whose actions give rise to this civil action.

41.     Upon information and belief, Tippah County policies and procedures or de facto policies permit its deputies and jail personnel to refuse necessary medical treatment for pre-trial detainees, or fails to instruct them how to affirmatively determine when a pre-trial detainee is in need of medical care.

**Count IV:     Supervisor Liability and Ratification (42 U.S.C. §1983)**

42.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if set forth verbatim herein.

43.     Defendants Tippah County, Tippah County Sheriff's Department, Karl Gaillard and John Doe 1 expressly and tacitly encouraged, ratified, and/or approved of the acts and/or omissions alleged herein, and knew that such conduct was unjustified and would result in violations of constitutional rights.

44.     The customs, policies, and/or practices of the said Defendants were a direct and proximate cause of the Plaintiff' injuries and the death of the decedent, James Vincent Gullett, in that the said Defendants failed to adequately train and supervise their employees and/or agents to prevent the occurrence of the constitutional violations occurring in this incident. The said Defendants also failed to promulgate appropriate policies or procedures or take other measures to prevent this incident.

45.     As a direct and proximate result of the aforementioned customs, policies and/or practices of the said Defendant, the decedent, James Vincent Gullett, and the Plaintiff suffered injuries and damages as alleged herein.

**COUNT V- Supervisor Liability- Failure to Train (42 U.S.C. §1983)**

46.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if set forth verbatim herein.

47.     Defendants Tippah County, the Tippah County Sheriff's Department, and Karl Gaillard failed to provide adequate training and/or supervision to its deputies regarding the appropriate response to pre-trial detainees in need of medical treatment or intervention such as Vincent. The Defendants have the non-delegable duty and responsibility to formulate, oversee, and implement official policies, practices, customs, and procedures to be carried out by its deputies, and other personnel.

48.     Defendants Tippah County, the Tippah County Sheriff's Department, Karl Gaillard and Joe Doe 1 failed to provide adequate training and/or supervision to their jail personnel in processing, observing, and treating pre-trial detainees in its charge who are in need of medical treatment or intervention such as Vincent. The Defendants have the non-delegable duty and responsibility to formulate, oversee, and implement official policies, practices, customs, and procedures to be carried out by its jail personnel, and other personnel.

49.     As a direct and proximate consequence of the failure on the part of Defendants to properly develop, implement, and otherwise devise a policy of adequate training and/or supervision for its deputies and jail personnel, Vincent and the Plaintiff were deprived of civil and constitutional rights, privileges, and immunities.  Properly trained and supervised deputies, and jail personnel would have known not to withhold necessary medical treatment or intervention which resulted in the death of Vincent and which resulted in the deprivation of the civil and constitutional rights of Vincent and of the Plaintiff.

50.     The failure of Defendants to provide adequate and proper training and supervision relating to providing adequate medical treatment or intervention to pre-trial detainees such as Vincent is so grossly negligent that in amounted to deliberate indifference and disregard for the civil and constitutional rights of Vincent and of the Plaintiff.  As a result of the failure to act, train, and/or supervise its deputies and jail staff, Defendants are liable in damages for the deliberate indifference to the medical needs of Vincent, pursuant to 42 U.S.C. §1983.

**COUNT VI- Wrongful Death of James Vincent Gullett Due to Acts of Reckless Disregard Committed by Defendants (Miss. Code Ann. §§ 11-7-13 and 11-46-9)**

51.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if set forth verbatim herein.

52.     The acts and/or omissions of the Defendants alleged herein and detailed below caused the wrongful death of James Vincent Gullett and were the direct and proximate cause, or were a proximate contributing cause, of Plaintiff's injuries entitling Plaintiff to recover damages pursuant to Miss. Code Ann. §11-7-13 and Miss. Code Ann. §11-46-9.

53.     The Defendants, who were Sheriff's deputies and jail personnel acting within the course and scope of their employment as agents, employees, and/or servants of the Tippah County, Mississippi, acted in reckless disregard of the safety and well-being of Vincent by disregarding clear and apparent need for medical treatment as detailed in this Complaint.

54.     The acts of the Defendants are the proximate cause, or are a proximate contributing cause, of the death of James Vincent Gullett and are the proximate cause, or are a proximate contributing cause, of the injuries, damages, and losses suffered and sustained by Vincent and which have been suffered and sustained by the Plaintiff; therefore, the Defendants are liable to the Plaintiff for the Plaintiff's injuries, damages, and losses.

## VIII.   DAMAGES

55.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if set forth verbatim herein.

56.      As a proximate consequence of the above described acts of the Defendants, Vincent was wrongfully deprived of his life and his civil and constitutional rights, and the Plaintiff was also deprived of her civil and constitutional rights, and the Plaintiff has suffered injuries, damages, and losses, including (but not limited to) the following:

A.      Vincent's pain and suffering, loss of the joy of life, and other losses caused by the injuries he sustained when he was unconstitutionally deprived of necessary medical care;

B.      Vincent's deprivation of his life and his civil and constitutional rights secured by the United States Constitution;

C.      Medical, hospital, doctor, and funeral expenses;

D.      Vincent's lost wages, loss of income, and loss of wage earning capacity;

E.      Loss of the love, society, companionship, affection, and loss of the normal parent-child relationship, which existed between Vincent and Candace Milam Drew;

F.      Exemplary or punitive damages; and,

G.      Other injuries, damages, and losses suffered and sustained by the Plaintiff which may be shown upon the trial of this action.

## IX.     REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendants:

A.      A monetary judgment in favor of the Plaintiff and against the Defendants for actual or compensatory and presumed damages sustained by the Plaintiff, pursuant to 42 U.S.C. §1983, for violations of the civil and constitutional rights of Vincent and the Plaintiff arising out of the death of James Vincent Gullett and the facts and violations of duties as described in this Complaint, for which the Defendants should be held liable and responsible in an amount to be determined by a jury that is in excess of the sum of Seventy-five Thousand Dollars ($75,000.00);

B.      Punitive damages in an amount determined by a jury;

C.      A judgment in favor of the Plaintiff and against the Defendants under the pendent state law claims for the wrongful death of Vincent, and for injuries, damages, and losses suffered and sustained by the Plaintiff as a result of the wrongful death of James Vincent Gullett in an amount to be determined by a jury in excess of Seventy-five Thousand Dollars ($75,000.00);

D.      A judgment in favor of the Plaintiff and against the Defendants for the Plaintiff'

reasonable attorneys' fees pursuant to 42 U.S.C. §1988, plus all costs of this action and all of the

Plaintiff's related litigation costs, litigation fees, and litigation expenses, as well as pre-judgment

and post-judgment interest as allowed by law;

E.      A judgment in favor of the Plaintiff and against the Defendants for such other relief,

either general or specific, which the Court may deem appropriate in law or equity and for which

the Plaintiff duly prays.

RESPECTFULLY SUBMITTED, this the 1st day of September, 2021.

WOLFF ARDIS, P.C.

s/Patrick M. Ardis
Patrick M. Ardis (MS Bar #104916)
Daniel V. Parish (*Pro Hac Vice*)
Attorneys for Candace Milam Drew
5810 Shelby Oaks Drive
Memphis, TN 38134
Phone (901) 763-3336
Fax (901) 763-3376
pardis@wolffardis.com
dparish@wolffardis.com