IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CANDACE MILAM DREW, Individually and**
as Administrator of the Estate of of James Gullett, Deceased       **PLAINTIFF**

**v.**       **CIVIL ACTION NO: 3:21-CV-00194-MPM-RP**

**TIPPAH COUNTY, MISSISSIPPI;**
**TIPPAH COUNTY SHERIFF'S DEPARTMENT;**
**KARL GAILLARD; and JOHN DOES 1-10**       **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

      **COME NOW, DEFENDANTS**, Tippah County, Mississippi; Tippah County Sheriff's Department; and, Karl Gaillard, by and through Counsel, and respectfully file this their Answer and Affirmative Defenses to the Plaintiff's Complaint, to-wit:

## FIRST AFFIRMATIVE DEFENSE

*(Motion to Dismiss - §1983 Claim)*

      The Complaint fails to state a cause of action as to these Defendants for which relief may be granted, including, but not limited to, the defense of qualified immunity as to the individual Defendants herein, named and/or unnamed.

## SECOND AFFIRMATIVE DEFENSE

*(Motion to Dismiss State Law Claims)*

      Plaintiff's Complaint and all claims under state law asserted therein are barred under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq*. Specifically, Plaintiff's Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, as no claim under state law is available against a governmental entity or its employees for either: (1) negligence by its

sworn law enforcement officers; (2) failure to train, supervise or discipline law enforcement officers; or, (3) for an injury to a person who was a detainee at the time of an alleged injury. *Miss. Code Ann.* §11-46-9(1)(b),(c),(d),(e),(f),(h),(m) (Supp. 1997).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted against any Defendant.

### FOURTH AFFIRMATIVE DEFENSE

The conduct of Plaintiff's Decedent was the sole proximate cause of the incidents forming the basis of this lawsuit and his own alleged injuries and damages, if any; alternately, the conduct of Plaintiff's Decedent was a contributing proximate cause of the incidents forming the basis of this lawsuit and his own alleged injuries and/or damages, if any. Furthermore, these Defendants assert the protections of the Mississippi Apportionment Statute, *Miss. Code Ann.* §85-5-7 (Supp 2003).

### FIFTH AFFIRMATIVE DEFENSE

The individual Defendants, named and unnamed, are entitled to qualified immunity from Plaintiff's claims against them. These Defendants were public officials in the course of their duties during the incident forming the basis of this lawsuit. Neither Defendant engaged in any conduct which deprived the Plaintiff of any right, privilege nor immunity protected by the Constitution or Laws of the United States. Additionally, these Defendants' conduct was objectively reasonable in light of clearly established law at the time of their actions in this matter. These Defendants' actions were justified and arguably justifiable in light of the information they possessed and clearly established law. As such, a reasonable officer could have believed their actions lawful during the incident forming the basis of this lawsuit.

**SIXTH AFFIRMATIVE DEFENSE**

With respect to Plaintiff's state law claims, Defendants claim the protection of the statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999). Alternatively, Defendants claim the protection of governmental immunity and/or sovereign immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

Under applicable Mississippi jurisprudence and law, and specifically, MCA §11-46-11(2)(a)(ii) and (iii), Plaintiff's Notice of Claim is deficient. Due to the failure of Plaintiff to strictly comply with those mandates, the Complaint should be dismissed.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's failure to allege violation of any duty by Defendants bars this cause of action.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that any personnel acting within the course and scope of their employment with Tippah County are alleged to be involved in or responsible for the custody, safety, protection, supervision or care of Plaintiff at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason Plaintiff's claims are barred.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's cause of death (accidental death via mixed drug toxicity due to ingesting substances prior to arrest, but at the time, unknown by the arresting officers, jailors and/or any named or unnamed Defendants) does not allow for a cognizable wrongful death claim.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

## TWELFTH AFFIRMATIVE DEFENSE

At no time did any governmental actor acting on behalf of Defendants breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff's Decedent, and for that reason, Plaintiff's claims are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails as a matter of law based upon the absence of a violation of a right, clearly established under the United States Constitution. Specifically, there is no constitutional cause of action arising under the allegations of the Plaintiff's Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

The conduct of Plaintiff's Decedent constituted the sole proximate cause of any injuries and/or death allegedly sustained and of any damages allegedly resulting therefrom. Moreover, the injuries/damages, if any, of Plaintiff were not foreseeable to these Defendants, and therefore, Plaintiff's claim as to these Defendants should be dismissed.

## SIXTEENTH AFFIRMATIVE DEFENSE

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiff's Decedent which was caused by these Defendants.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Punitive damages are not cognizable against these Defendants. These Defendants further invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

These Defendants are not responsible for any condition of the Plaintiff's Decedent that pre-existed the events which made the basis of this Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims and causes of action asserted therein are barred under the doctrine of public official immunity, by reason of the fact that any duty on the part of Defendants' supervisors, agents and employees involved the use of discretion, and at no time did any governmental actor acting for or on behalf of Defendant substantially exceed its authority, nor was any legally cognizable harm to Plaintiff or decedent James Vincent Gullett caused by or in the course of such exercise of authority and discretion.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's cause of action against these Defendants is barred by the common law doctrine of sovereign immunity.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's injuries/damages are the direct proximate result of the conduct of James Vincent Gullett who is responsible to the exclusion of this Defendant.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, should be reduced to the extent she failed to mitigate her own damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendants invoke their rights under *Miss. Code Ann.* § 11-46-13 (Supp. 1993).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

As to any state law claims against the Defendants, they invoke all of the protections, limitations, qualifications, caps, immunities, and provisions of the Mississippi Tort Claims Act, including, but not limited to, those set forth in *Miss. Code Ann.* § 11-46-1, *et seq*. Moreover, Plaintiff's Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* § 11-46-9 (1)(a) - (w) (Supp. 1997), *et seq*.

**AND, NOW,** having asserted their affirmative defenses to the Complaint filed herein, and without waiving any such defenses, these Defendants answer the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

I. INTRODUCTION AND FACTS

1. Defendants admit that James Vincent Gullett (hereinafter "Vincent") died on or about May 17, 2020, while being detained in the Tippah County Jail in Ripley, Mississippi. The remaining allegations of paragraph 1 of the Plaintiff's Complaint are denied.

2. Denied.

3. Admitted.

4. As to the allegations of paragraph 4 of the Plaintiff's Complaint, Defendants deny same

and admit that Vincent and Sonny Reed were arrested by officers of the Walnut Police Department, transported by those officers, and received into the Tippah County Jail by the Tippah County Sheriff's Department.

    5. Denied.

    6. Denied.

    7. Denied.

    8. Denied.

    9. Denied.

    10. Denied.

    11. As to the allegations of paragraph 11 of the Plaintiff's Complaint, Defendants admit that in the early morning hours of May 17, 2020, Vincent was found unresponsive in his jail cell and later died. The remaining allegations of paragraph 11 of the Plaintiff's Complaint is denied.

    12. Denied.

## II. JURISDICTION

    13. As to the allegations of paragraph 13 of the Plaintiff's Complaint, Defendants admit that jurisdiction is proper, pursuant to the cited authority but deny any and all allegations of wrongdoing and/or liability and further deny that Defendants are liable to the Plaintiff.

## III. VENUE

    14. As to the allegations of paragraph 14 of the Plaintiff's Complaint, Defendants admit that venue is proper, pursuant to the cited authority but deny any and all allegations of wrongdoing and/or liability.

IV.  JURY TRIAL DEMANDED

15. Admitted.

V.  PARTIES

16. Defendants are without sufficient information to ascertain the truth or falsity of the allegations of paragraph 16 of the Complaint and therefore, deny same.

17. Admitted.

18. As to the allegations of paragraph 18 of the Plaintiff's Complaint, it is admitted that Karl Gaillard is the elected Tippah County Sheriff, responsible for law enforcement in Tippah County and the operation of the Tippah County Mississippi Sheriff's Department. The remaining allegations of paragraph 18 of Plaintiff's Complaint are denied.

19. Denied.

20. Denied.

VI.  EXHAUSTION OF PRE-LAWSUIT PROCEDURES

21. As to the allegations of paragraph 21 of the Plaintiff's Complaint, it is admitted that some of the Plaintiff's State Law claims are governed by the <u>Mississippi Tort Claims Act</u> of §11-46-1, et. seq. As to the remaining allegations of paragraph 21 of the Plaintiff's Complaint, they are denied. Due to the failure to strictly comply with the requirements of §11-46-11, Plaintiff's Complaint should be dismissed.

VII.  CLAIMS FOR RELIEF

22. Defendants incorporate by reference their prior responses as if fully set forth herein and adopts same by reference.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Defendants incorporate by reference their prior responses as if fully set forth herein and adopts same by reference.

28. Denied. It is specifically asserted that Vincent was not arrested by the Tippah County Sheriff's Department, but by the Walnut Police Department and was later held at the Tippah County Jail after his arrest.

29. As to the allegations of paragraph 29, to the extent said allegations comply with applicable law, they are admitted. To the extent they do not, they are denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied in its entirety, including subparts (a) through (d).

35. Denied.

36. Denied.

37. Defendants incorporate by reference their prior responses as if fully set forth herein and adopts same by reference.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Defendants incorporate by reference their prior responses as if fully set forth herein and adopts same by reference.

43. Denied.

44. Denied.

45. Denied.

46. Defendants incorporate by reference their prior responses as if fully set forth herein and adopts same by reference.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Defendants incorporate by reference their prior responses as if fully set forth herein and adopts same by reference.

52. Denied.

53. Denied.

54. Denied.

## VIII. DAMAGES

55. Defendants incorporate by reference their prior responses as if fully set forth herein and adopts same by reference.

56. Denied in its entirety, including subparts (A) through (G).

## IX. REQUEST FOR RELIEF

Defendants specifically deny that Plaintiff is entitled to a judgment against them and further deny any of the relief requested.

A. Denied.

B. Denied.

C. Denied.

D. Denied.

E. Denied.

**AND NOW, HAVING FULLY ANSWERED** and asserted their Affirmative Defenses, the Defendants pray that this Court grant the following relief:

(A) That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses, including, but not limited to, applicability of the statutory exemptions from liability as set forth in the Mississippi Tort Claims Act;

(B) That this Court deny Plaintiff the relief prayed for in Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever;

(C) That this Court award these Defendants their attorney fees, costs and expenses associated with the defense of the instant civil action pursuant to Rule 11, *Federal Rules of Civil Procedure* and The Mississippi Litigation Accountability Act of 1988, and *Miss. Code Ann.* §11-1-54 (2003).

**RESPECTFULLY SUBMITTED,** this the 4th day of October, 2021.

**JACKS | GRIFFITH | LUCIANO, P.A.**

By: /s/ *Arnold U. Luciano*
Arnold U. Luciano, MS Bar No. 99198
Daniel J. Griffith, MS Bar No. 8366
Attorneys for Defendants

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
cell: (662) 721-7323
Email: dgriffith@jlpalaw.com
 aluciano@jlpalaw.com
 www.jlpalaw.com

B. Sean Akins
Akins & Adams, P.A.
108 East Jefferson Street
Ripley, MS 38663
Phone: (662) 837-9976
Fax: (662) 837-1009
Email: sean@akinsadams.com
Attorney for Tippah County


### CERTIFICATE OF SERVICE

I, Arnold U. Luciano, attorney of record for Defendants do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by the ECF Filing System which gave notice to all counsel of record who have appeared herein.

>Patrick Michael Ardis
>Wolff Ardis, P.C.
>5810 Shelby Oaks Drive
>Memphis, TN 38134
>Phone: (901) 763-3336
>Email: pardis@wolffardis.com
>**Attorney for Plaintiff**

**DATED** this 4th day of October, 2021.

> /s/ *Arnold U. Luciano*
> Arnold U. Luciano