**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CANDACE MILAM DREW, INDIVIDUALLY
AND AS ADMINISTRATOR OF THE ESTATE
OF JAMES VINCENT GULLETT, DECEASED**            **PLAINTIFF**

**VS.**            **CIVIL ACTION NO: 3:21-cv-00194-MPM-RP**

**TIPPAH COUNTY, ET AL.**            **DEFENDANTS**

**MUNICIPAL DEFENDANT'S ANSWER AND AFFIRMATIVE
<u>DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES</u>**

Defendant the Walnut Police Department[1] (referred to as "Municipal Defendant")

submits this its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint for

Damages [Doc. 23] ("Complaint"):

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

Plaintiff's Complaint fails to state a claim upon which relief can be granted, in whole or

in part.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

Municipal Defendant pleads all applicable statutes of limitations.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**

Punitive damages cannot be assessed against the City of Walnut Mississippi.

---

[1]      Though Plaintiff's Complaint names the "Walnut Police Department" as a Defendant, it is well established that a police department simply is a department within a city and cannot be sued separately. *See Darby v. Pasadena Police Depart.*, 939 F.2d 311, 314 (5th Cir. 1991). Thus, the proper party in interest is the City of Walnut, Mississippi.

## FOURTH AFFIRMATIVE DEFENSE

While denying that Plaintiff is entitled to punitive damages, Municipal Defendant affirmatively pleads that an award of punitive damages in an amount in excess of that proportion permitted by the laws of the United States would violate the Federal and State Constitutions.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

## SIXTH AFFIRMATIVE DEFENSE

Municipal Defendant pleads all applicable provisions of the Mississippi Tort Claims Act, MISS. CODE ANN. § 11-46-1 *et seq.*, including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit, and no right to a jury trial.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were not caused by a municipal policy or custom. Therefore, there can be no municipal liability under federal law.

## EIGHTH AFFIRMATIVE DEFENSE

Municipal Defendant asserts all affirmative defenses that are or may become available or of which Defendant may become aware (upon further investigation or discovery) under FED. R. CIV. P. 8(c).

## NINTH AFFIRMATIVE DEFENSE

Municipal Defendant asserts all affirmative defenses that are or may become available or of which Defendant may become aware (upon further investigation or discovery) under FED. R. CIV. P. 12(b).

PD.36809295.1

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to mitigate his alleged damages, he is barred from recovery.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks special damages, such damages have not been specifically stated.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's own actions, or the actions of a third party for whom Municipal Defendant is not responsible, were the proximate or superseding cause of any damages Plaintiff may have sustained.

## THIRTEENTH AFFIRMATIVE DEFENSE

Municipal Defendant asserts the right to apply and rely on all contributory and/or comparative fault principles that may be applicable.

## FOURTEENTH AFFIRMATIVE DEFENSE

Municipal Defendant pleads all damages caps, including those applicable to requests for punitive or compensatory damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent an adequate state remedy was available and Plaintiff failed to avail himself of such remedy, this action may not be cognizable under § 1983.

## SIXTEENTH AFFIRMATIVE DEFENSE

Municipal Defendant pleads all applicable immunity, including but not limited to sovereign immunity, absolute immunity, qualified immunity, course and scope immunity, and legislative immunity.

PD.36809295.1

## SEVENTEENTH AFFIRMATIVE DEFENSE

Municipal Defendant pleads estoppel, both equitable and judicial, as well as the defenses of collateral estoppel, res judicata, waiver, laches, and privilege.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Municipal Defendant pleads the doctrine of unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

Municipal Defendant asserts the right to rely upon any after-acquired evidence.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiff was required to do so and did not exhaust his administrative remedies for some or all of his allegations, claims, or theories, those allegations, claims, or theories may not be pursued in this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Municipal Defendant avers its right to seek attorneys' fees and costs in this action due to the vexatious nature of this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Municipal Defendant reserves its right to assert other affirmative defenses as they are discovered or otherwise become available through further investigation and/or discovery.

## ANSWER

Without waiving any of the aforementioned Affirmative Defenses, Municipal Defendant responds to the Complaint as follows:

Municipal Defendant denies the allegations contained in the first unnumbered paragraph of Plaintiff's Complaint beginning "NOW, comes Plaintiff", except to admit that Plaintiff has brought this lawsuit against Municipal Defendant.

PD.36809295.1

1.      Municipal Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2.      Municipal Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, denies the same.

3.      Municipal Defendant denies the allegations of Paragraph 3 of Plaintiff's Complaint.

4.      Municipal Defendant admits that Plaintiff and Sonny Reed were arrested by the Walnut Police Department and transported to and received into the Tippah County jail by the Tippah County Sheriff's Department on or about May 16, 2020.  All remaining allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

5.      Municipal Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Municipal Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Municipal Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Municipal Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9.      Municipal Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, denies the same.

10.     Municipal Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint and, therefore, denies the same.

11.     Municipal Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same.

PD.36809295.1

12.     Municipal Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## II.     JURISDICTION

13.     Municipal Defendant admits this Court has subject matter jurisdiction.  All remaining allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

## III.     VENUE

14.     Municipal Defendant admits venue is proper in this Court.  All remaining allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

## IV.     JURY TRIAL DEMAND

15.     Municipal Defendant admits Plaintiff has demanded a jury trial but denies that Plaintiff is entitled to a jury trial on one or more of Plaintiff's claims.  All remaining allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

## V.     PARTIES

16.     Municipal Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same.

17.     Municipal Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Municipal Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint and, therefore, denies the same.

19.     Municipal Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, denies the same.

20.     The allegations contained in Paragraph 20 of Plaintiff's Complaint are not directed at Municipal Defendant and require no response from Municipal Defendant.  To the

extent a response is required, the allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

21.     Municipal Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

### VI.     EXHAUSTION OF PRE-LAWSUIT PROCEDURES

22.     Municipal Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

### VII.     CLAIMS FOR RELIEF

**Count I: Substantive Due Process—Loss of Family Relationships (42 U.S.C. § 1983)**

23.     Municipal Defendant incorporates its responses to Paragraphs 1 through 22 in response to Paragraph 23 of Plaintiff's Complaint.

24.     The allegations contained in Paragraph 24 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     The allegations contained in Paragraph 25 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     The allegations contained in Paragraph 26 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

PD.36809295.1

27.     The allegations contained in Paragraph 27 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

**Count II: Deliberate Indifference to Medical Necessity (42 U.S.C. § 1983)**

28.     Municipal Defendant incorporates its responses to Paragraphs 1 through 27 in response to Paragraph 28 of Plaintiff's Complaint.

29.     The allegations contained in Paragraph 29 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant admits James Vincent Gullet was arrested by the Walnut Police Department on or about May 16, 2020.  All remaining allegations contained in Paragraph 29 are denied.

30.     The allegations contained in Paragraph 30 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     The allegations contained in Paragraph 31 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Municipal Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Municipal Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

PD.36809295.1

34.     Municipal Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     The allegations contained in Paragraph 35 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint, inclusive of the allegations contained in sub-paragraphs (a) through (d).

36.     Municipal Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     The allegations contained in Paragraph 37 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

**Count III: Unconstitutional Practices/De Facto Policy (42 U.S.C. § 1983)**

38.     Municipal Defendant incorporates its responses to Paragraphs 1 through 37 in response to Paragraph 38 of Plaintiff's Complaint.

39.     The allegations contained in Paragraph 39 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     The allegations contained in Paragraph 40 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

PD.36809295.1

41.     The allegations contained in Paragraph 41 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     The allegations contained in Paragraph 42 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

**Count IV:      Supervisor Liability and Ratification (42 U.S.C. § 1983)**

43.     Municipal Defendant incorporates its responses to Paragraphs 1 through 42 in response to Paragraph 43 of Plaintiff's Complaint.

44.     The allegations contained in Paragraph 44 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     The allegations contained in Paragraph 45 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     The allegations contained in Paragraph 46 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

PD.36809295.1

**Count V: Supervisor Liability—Failure to Train (42 U.S.C. § 1983)**

47.     Municipal Defendant incorporates its responses to Paragraphs 1 through 46 in response to Paragraph 47 of Plaintiff's Complaint.

48.     The allegations contained in Paragraph 48 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     The allegations contained in Paragraph 49 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     The allegations contained in Paragraph 50 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     The allegations contained in Paragraph 51 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

**Count VI:  Wrongful Death of James Vincent Gullett Due to Acts of Reckless Disregard Committed by Defendants (Miss. Code Ann. §§ 11-7-13 and 11-46-9)**

52.     Municipal Defendant incorporates its responses to Paragraphs 1 through 51 in response to Paragraph 52 of Plaintiff's Complaint.

53.     The allegations contained in Paragraph 53 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant.  To the extent a response

11

is required, Municipal Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     The allegations contained in Paragraph 54 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant. To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     The allegations contained in Paragraph 55 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant. To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

## VIII   DAMAGES

56.     Municipal Defendant incorporates its responses to Paragraphs 1 through 55 in response to Paragraph 56 of Plaintiff's Complaint.

57.     The allegations contained in Paragraph 57 of Plaintiff's Complaint call for a legal conclusion to which no response is required from Municipal Defendant. To the extent a response is required, Municipal Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint, inclusive of the allegations contained in subparagraphs (A) through (G).

## IX.   REQUEST FOR RELIEF

58.     Municipal Defendant denies the allegations contained in the last unnumbered paragraph of Plaintiff's Complaint beginning "WHEREFORE, PREMISES CONSIDERED…", inclusive of the allegations contained in subparagraphs (A) through (E).

**WHEREFORE, PREMISES CONSIDERED**, Municipal Defendant, Walnut Police Department, respectfully requests an Order dismissing this action with prejudice and reserves its right to seek fees and costs herein.

PD.36809295.1

THIS the 23rd day of February, 2022.

Respectfully submitted,

PHELPS DUNBAR LLP


BY: _/s/ Jason T. Marsh_
      G. Todd Butler, MB #102907
      Jason T. Marsh, MB #102986
      4270 I-55 North
      P.O. Box 16114 (39236-6114)
      Jackson, Mississippi 39211-6391
      Telephone: 601-352-2300
      Email: butlert@phelps.com
             jason.marsh@phelps.com

**ATTORNEYS FOR MUNICIPAL
DEFENDANT**

13

## CERTIFICATE OF SERVICE

I, JASON T. MARSH, do hereby certify that on February 23, 2022 I electronically filed the above and foregoing *MUNICIPAL DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES* with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel of record:

Daniel V. Parish, Esq.
Patrick M. Ardis, Esq.
Attorneys for Candance Milam Drew
5810 Shelby Oaks Drive
Memphis, TN 38134
(t) 901-763-3336
(f) 901-763-3376
pardis@wolffardis.com
dparish@wolffardis.com

*ATTORNEYS FOR PLAINTIFF*

Arnulfo U. Luciano, Esq.
Mary McKay Griffith, Esq.
Daniel J. Griffith, Esq.
JACKS GRIFFITH LUCIA P.A.
P.O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
(t) 662-843-6171
(f) 662-843-6176
aluciano@jlpalaw.com
mgriffith@jlpalaw.com

*ATTORNEYS FOR TIPPAH COUNTY DEFENDANTS*


*/s/ Jason T. Marsh*
JASON T. MARSH